IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE TREJO,

    Plaintiff,

v.  No. 22-cv-0890 KWR-KBM

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Prisoner Civil Complaint (Doc. 1-1) (Complaint). Plaintiff alleges the Board of County Commissioners for Bernalillo County (the Board) is responsible for unconstitutional conditions of confinement at the Metropolitan Detention Center (MDC). Having reviewed the matter pursuant to 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

### BACKGROUND

Plaintiff was detained at MDC in Albuquerque, New Mexico when the case was filed and is proceeding *pro se*. *See* Doc. 1-1 at 1. The Complaint alleges cyberhackers attacked Bernalillo County's databases in 2022, including MDC's electronic security system. *Id.* The cyber-attack allegedly disabled MDC's automatic door mechanisms and security cameras. *Id.* It also allegedly "compromised vital data that is necessary for the state's prosecutors to ethically pursue convictions." *Id.* Later that year, MCD Chief Greg Richardson declared a state of emergency due to understaffing. *Id.* MDC has a 51.09% vacancy rate among correctional officers, and the medical division is also allegedly "understaffed." *Id.* Plaintiff contends Richardson created a toxic

environment at MDC, which caused many staff members to quit, and that Richardson failed to oversee safety operations at MDC. *Id.* at 2.

According to Plaintiff, the understaffing (and perhaps the cyber-attack) "authorized corrections officers to apply deadly force" inside the facility. *See* Doc. 1-1 at 1. Plaintiff does not appear to allege he suffered any attack at MDC. However, he was locked down for various five-day periods in September of 2022. *Id.* at 2. Plaintiff believes such lockdowns violate the standards established by the American Corrections Association (ACA). *Id.* at 1. Plaintiff further alleges the State Public Defender instructed defense attorneys to stop visiting clients at MDC. *Id.* Plaintiff submitted a grievance on these issues, and the security team responded that they were trying to address the problems and minimize lockdowns. *Id.*

The Complaint raises a civil claim under the "U.S. Constitution" for cruel and unusual punishment. *See* Doc. 1-1 at 1-2. The Complaint also purports to raise claims relating to Plaintiff's state criminal prosecution, including "gross miscarriage of justice[,] violating rights to due process, equal protections, fair trial, [and] effective counsel guaranteed by the U.S. Const…." *Id.* at 2. The Complaint names one Defendant, the Board. *Id.* at 1-2. Plaintiffs seeks $1500 per day for each day he spent at MDC. *Id.* at 1.

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *See* Doc. 1-1 at 1. Defendant removed the case based on federal-question jurisdiction and filed an answer along with a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See* Docs. 4, 5. The certificate of service reflects counsel for Defendant mailed a copy of the Motion to Plaintiff at his address of record on November 22, 2022. *See* Doc. 5 at 3. However, Defendant later filed a Notice stating the mailing was returned as undeliverable. *See* Doc. 6. The Court will not consider Defendant's request to dismiss the Complaint with prejudice, based on the service defect.

However, the Court has an independent duty to conduct a *sua sponte* review of prisoner complaints. *See* 28 U.S.C. § 1915A. The Court will therefore consider whether the Complaint states a claim, in which case a *Martinez* report may be ordered, or whether Plaintiff should amend to cure any pleading deficiencies.

## STANDARD OF REVIEW

Section 1915A applies to all cases, including removals, where a prisoner-plaintiff sues a government entity or official. *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government officials, even though it was removed from state court). Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted" using the standard under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. § 1915A(b). To survive Rule 12(b)(6) review, a plaintiff must allege facts sufficient to state a plausible claim of relief. *See Carr*, 760 Fed. App'x at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se*

3

litigant." *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint here does not name any individual who was personally involved in the alleged wrongdoing. As noted above, the only named Defendant is the Board of County Commissioners for Bernalillo County. Local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *Monell*, 436 U.S. at 694).

For purposes of *Monell,* the relevant policy or custom must consist of:

a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final

policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted). Whatever type of policy or custom is alleged, the "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

The Complaint merely alleges Defendant: (1) is "the governmental entity … whose administrative department []MCD fulfills the security function as custodian of inmates ….[;]" and (2) Chief Richardson and Defendant failed to "enact proper remedies to resolve the humanitarian crisis that exists at []MDC …." Doc. 1-1 at 1-2. These facts do not show Defendant promulgated any municipal policy or custom, nor do they show Defendant engaged in deliberate conduct that was the moving force behind the lockdowns. The Complaint therefore fails to state a cognizable claim under 42 U.S.C. § 1983.

To the extent the Complaint raises defects in Plaintiff's state criminal prosecution (ineffective assistance, due process violations, denial of the right to a fair trial, etc), such claims can only be raised in a properly exhausted 28 U.S.C. § 2254 habeas proceeding. *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n. 1 (10th Cir. 2014) (Section 2254 is the "proper vehicle for a challenge to the validity of a [state] conviction or sentence" in Federal Court); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' … He must seek federal habeas corpus relief (or appropriate

5

state relief) instead.") (quotations omitted).

Based on the foregoing, the Court will dismiss the Complaint without prejudice. *Pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, particularly where a complaint is dismissed *sua sponte* under 28 U.S.C. §§ 1915(e) or 1915A. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this Order. Plaintiff must confirm his current address in writing pursuant to N.M. Local Rule 83.6 by the same deadline, since several recent mailings were returned as undeliverable. The Court will deny Defendant's Motion to Dismiss (**Doc. 5**) as moot, in light of the directive to amend. Defendant may renew its motion if and when Plaintiff files an amended pleading. If Plaintiff fails to timely file an amended complaint, the Court may dismiss this case with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS ORDERED** that Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and within thirty (30) days of entry of this Order, Plaintiff shall: (1) file an amended complaint; and (2) confirm his current address in writing.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (**Doc. 5**) filed by Defendant Board of County Commissioners for Bernalillo County is **DENIED as moot**, and without prejudice to refiling following the submission of any amended complaint.

_____
UNITED STATES DISTRICT JUDGE