IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE TREJO,

    Plaintiff,

v.                                                                                         No. 22-cv-0890 KWR-KBM

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Jose Trejo's failure to file an amended complaint as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. The original Complaint (Doc. 1-1) alleges the Board of County Commissioners for Bernalillo County (the Board) is responsible for unconstitutional conditions of confinement at the Metropolitan Detention Center (MDC). The original Complaint raises claims for cruel and unusual punishment under 42 U.S.C. § 1983. It also purports to raise claims relating to Plaintiff's state criminal prosecution, including "gross miscarriage of justice[,] violating rights to due process, equal protections, fair trial, [and] effective counsel guaranteed by the U.S. Const...." *See* Doc. 1-1 at 2. The Complaint names one Defendant, the Board. *Id.* at 1-2. Plaintiffs seeks $1500 per day for each day he spent at MDC. *Id.* at 1.

By a ruling entered September 25, 2023, the Court screened the original Complaint and determined it fails to state a cognizable federal 42 U.S.C. § 1983 claim. *See* Doc. 8 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). Plaintiff did name any individual involved in the alleged wrongdoing. The original Complaint also fails to allege that any wrongdoing is traceable to a policy or custom promulgated by the Board.

*See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993) (a § 1983 plaintiff must show the entity-defendant "had an 'official ... policy of some nature' ... that was the direct cause or moving force behind the constitutional violations"). As to any alleged defects in Plaintiff's state criminal prosecution, the Screening Ruling explains that such claims can only be raised in a habeas proceeding. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' … He must seek federal habeas corpus relief (or appropriate state relief) instead."). The Court therefore dismissed the original Complaint (Doc. 1-1) for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely comply, the Court may dismiss this case without further notice. The deadline to amend was October 25, 2023. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling, which was returned was undeliverable with the notation "Not in Custody." *See* Doc. 9. This case is therefore subject to dismissal for failure to state a cognizable claim under 28 U.S.C. § 1915A.

Ordinarily, courts dismiss with prejudice where, as here, the original complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave him leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it appears Plaintiff did not receive the Screening Ruling after severing contact. The Court will therefore dismiss this case and all claims raised in the original Complaint (Doc. 1-1) without prejudice for

failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS ORDERED** that this case, including each claim in Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE